UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

    CANDISE DIANE HOOKER,                   Case No. 18-22147
                                                            Chapter 7 Proceeding
                 Debtor.                               Hon. Daniel S. Opperman
_____/
CANDISE DIANE HOOKER,
          Plaintiff,

v.                                                           Adv. Proc. No. 19-2009

WANIGAS CREDIT UNION,
          Defendant.
_____/

## OPINION DENYING CREDITOR WANIGAS CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT

Defendant Wanigas Credit Union filed a Motion for Summary Judgment to which Plaintiff Candise Hooker responded. Rather than set for immediate hearing, the Court entered an Order on July 2, 2019, directing the parties to its decision in another case, *In re Namaia McDuffy*, Case No. 18-21727. In *McDuffy*, the Court entered an Opinion dated April 22, 2019 (Docket No. 32), in which it held that fees incurred by counsel for work performed for creditor receiving a preferential payment by way of a garnishment within the 90-day period, were required to be returned as a preference. In its July 2, 2019 Order, the Court allowed the parties the opportunity to review and consider the Opinion in *McDuffy* and decide if a hearing on the Motion for Summary Judgment was necessary. Defendant filed a response to this Order stating that a hearing was not required, but requesting the opportunity to file a supplemental brief. Accordingly, the Court entered an Order on July 25, 2019 directing the filing of supplemental briefs. Both Defendant and Plaintiff filed supplemental briefs. The Court has reviewed the briefs and the record in this matter, and enters this Opinion.

1

The facts in this case and *McDuffy* are strikingly similar. Both cases involve wages garnished within the 90-day preference period, which funds both debtors fully exempted. In *McDuffy*, the total garnished was $1,475.67, and the garnishing creditor, which happened to also be Wanigas Credit Union, returned $773.25 upon demand by the debtor. The remaining $702.42 was not turned over, because Wanigas's counsel asserted it was not required to do so for numerous reasons, all of which the Court considered and rejected in its April 22, 2019 Opinion. In *McDuffy*, the Court concluded the entire remaining amount must be turned over by Wanigas's counsel. In the instant case, Plaintiff filed this adversary proceeding for turnover, rather than a motion, but that is the only procedural difference. The total garnished within the 90-day period pre-petition was $884.13, with $431.53 being returned by Defendant, and $452.60 retained by counsel.

In its Motion for Summary Judgment and supplemental brief, Defendant repeats arguments made in *McDuffy*. First, Defendant argues the case of *Stevenson v. Genna (In re Jackson)*, 426 B.R. 701 (Bankr. E.D. Mich. 2010) supports its position, and that the facts and holding of the *Jackson* case, as applied to this case, warrant summary judgment in Defendant's favor. Second, Defendant reiterates its argument that an attorney charging lien exists on the $452.60 retained funds. As to these first two arguments, the Court incorporates its findings and conclusions in the *McDuffy* April 22, 2019 Opinion, and rejects these arguments and denies summary judgment as a matter of law.

Additionally, as it did in the *McDuffy* case, Defendant cites the case of *Sheppard v. Speck (In re Sheppard*, 521 B.R. 599 (Bankr. E.D. Mich. 2014), which case involved a garnishment processing fee. The *Sheppard* Court held that the creditor in that case never received the garnished funds or any benefit from such. Defendant focuses on language from the *Sheppard* Court that intent to benefit a creditor can never be found with involuntary transfers. Defendant

2

again attempts to analogize the garnishment processing fee in *Sheppard* to funds garnished funds received by a creditor in this case and *McDuffy*.

As argued by Defendant, the lack of intent of Plaintiff to benefit Wanigas or its counsel is key. Therefore, so Defendant's logic goes, the transfer of funds could not be for the benefit of Wanigas. As expressed by this Court in *McDuffy*, however, Wanigas Credit Union did get a benefit in that its obligation to its attorney was paid. This obligation is calculated on the total amount garnished from the Plaintiff's wages because Defendant's counsel is contractually entitled to a percentage of the total amount collected by Defendant, all as allowed by the contingent fee agreement between Defendant and its counsel. This benefit, measured in dollars, is part of the preference that is avoidable and must be returned to Plaintiff.

For these reasons, the Court denies Defendant's Motion for Summary Judgment.

Counsel for Plaintiff is directed to prepare and present an appropriate order pursuant to the entry of order procedures of this Court.

**Not for Publication**

**Signed on September 25, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge