UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

    CANDISE DIANE HOOKER,

        Debtor.
_____/

CANDISE DIANE HOOKER,
        Plaintiff,

v.

WANIGAS CREDIT UNION,
        Defendant.
_____/

Case No. 18-22147-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

Adversary Proceeding
Case No. 19-02009-dob

## OPINION DENYING DEFENDANT'S MOTION TO STRIKE
## FIRST AMENDED COMPLAINT OR
## ALTERNATIVELY, TO DISMISS FIRST AMENDED COMPLAINT AS UNTIMELY

### Introduction

Candise Hooker filed a Motion to Amend Complaint and the Court partially granted her request, setting a deadline of September 10, 2021 to file her Amended Complaint. Her Amended Complaint was not filed until September 24, 2021, and Defendant, Wanigas Credit Union, seeks to strike this pleading as untimely or to dismiss the Amended Complaint. The Court denies the Defendant's Motion for the reasons stated in this Opinion.

### Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (F) (proceedings to determine, avoid, or recover preferences).

1

## Findings of Fact

Ms. Hooker filed a Chapter 7 Petition with this Court on November 11, 2018 and filed her original Complaint on February 7, 2019 seeking the recovery of $884.13 garnished by Wanigas Credit Union ("Wanigas") 90 days prior to her Petition. Wanigas filed a Motion for Summary Judgment, which this Court denied. Wanigas timely filed appeals to the District Court for the Eastern District of Michigan and then to the Sixth Circuit Court of Appeals. Wanigas was not successful at any Court, and this matter was remanded to this Court. Ms. Hooker wanted to file an Amended Complaint and sought leave to do so. Wanigas responded and requested this Court deny the Motion because Ms. Hooker sought to add its counsel as party Defendants under the Fair Debt Collection Practices Act and such actions were time barred. This Court held a hearing on Ms. Hooker's Motion on August 26, 2021 and partially granted the requested relief. In doing so, the Court allowed seven days to file the Amended Complaint. Because this Order was entered on September 3, 2021, the Amended Complaint should have been filed by September 10, 2021. Instead, the Amended Complaint was not filed until September 24, 2021. Wanigas timely answered this Amended Complaint but also seeks to have it stricken as untimely. In the alternative, Wanigas seeks dismissal.

Ms. Hooker responded, arguing the Motion should be denied because excusable delay existed such that the Amended Complaint should be allowed to remain. At a status conference on January 4, 2022, the parties agreed this issue must be initially addressed by the Court.

## Analysis

The Court first notes that deadlines are important and should be met. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor v. Freeland & Krontz*, 503 U.S. 638, 644 (1992).

Federal Rule of Bankruptcy Procedure 9006(b)(1) allows a late filed pleading after expiration of the specified time if the failure to act was the result of excusable neglect. In turn, the United States Supreme Court has addressed excusable neglect as follows:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd., P'ship*, 507 U.S. 380, 392 (1993).

Both parties agree the first three *Pioneer* factors are met but disagree whether Plaintiff's counsel's failure to file the Amended Complaint by September 10, 2021 was in good faith and excusable. Wanigas points out the deadline was clear and was discussed at the August 26, 2021 hearing where the Court cleared this deadline with all. Plaintiff's counsel argues that the deadline was missed because additional time was spent researching the viability of a separate District Court action against Defendant's counsel which was included in a draft Amended Complaint but which the Court did not allow. This caused the need for additional consultation with co-counsel.

Plaintiff's counsel has the better argument, but only slightly. The draft Amended Complaint could have easily been modified without regard to whether a separate action against Defendant's counsel existed. But the Court can see how this disruption could impact Plaintiff's counsel's timing. More importantly, the Court favors results based on the merits "rather than the technicalities of pleadings." *Miller v. American Heavy Lift Shipping, et al.*, 231 F.3d 242, 248 (6th Cir. 2000) (citing *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). The Court will, however, reserve to Wanigas the right to request attorney fees and costs incurred by this delay.

For these reasons, the Court denies the Motion to Strike First Amended Complaint or Alternatively, Motion to Dismiss First Amended Complaint as Untimely.

The Court will enter an Order consistent with this Opinion.

**Not for Publication**

**Signed on January 28, 2022**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge